JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KRISTOPHER AUGUSTINE

**(b)** County of Residence of First Listed Plaintiff    Ontario, Canada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John M. Borelli, Esquire; Ostroff Law, PC;
518 E. Township Line Road – Suite 100; Blue Bell, PA
19422; 610-279-7000

## DEFENDANTS

KCI MALVERN OWNERCO, LP

County of Residence of First Listed Defendant    Chester County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stephen J. Gontkosky; William J. Ferren & Associates; P.O.
Box 2903; Hartford, CT 06104; 215-274-1725

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government
  Plaintiff
- [ ] 2 U.S. Government
  Defendant
- [ ] 3 Federal Question
  *(U.S. Government Not a Party)*
- [x] 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Alleged Slip and fall on black ice

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| October 26, 2022 | /s/ Stephen J. Gontkosky |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 399 Queen Victoria Drive; Unit 17; Hamilton Ontario Canada _____

Address of Defendant: _____ 580 W. Germantown Pike-Suite 200; Plymouth Meeting, PA _____

Place of Accident, Incident or Transaction: _____ 311 E. Lancaster Avenue; Malvern, Chester County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/26/2022__    _/s/ Stephen J. Gontkosky_    __315776__

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases
  *(Please specify): ___ Plaintiff resides in Canada ___*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, STEPHEN J. GONTKOSKY, counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __10/26/2022__    _Stephen J. Gontkosky_    __315776__

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

KRISTOPHER AUGUSTINE　　　　　　:　　　　　　CIVIL ACTION
　　　　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
KCI MALVERN OWNERCO, LP　　　　:　　　　　　NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| 10/26/2022 | Stephen J. Gontkosky | SHK Management, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-274-1725 | 855-833-4262 | sgontkos@travelers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**


American LegalNet, Inc.
www.FormsWorkFlow.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTOPHER AUGUSTINE | : | |
| | : | |
| v. | : | |
| | : | |
| KCI MALVERN OWNERCO, LP f/k/a | : | |
| PR KC Malvern Ownerco, LP, Individually | : | |
| and d/b/a Ave Malvern and Ave Living by | : | |
| Korman; | : | |
| KCI MALVERN OWNERCO, GP LLC, | : | |
| Individually and d/b/a Ave Malvern and | : | |
| Ave Living by Korman; | : | |
| SHK MANAGEMENT, INC., Individually | : | |
| and d/b/a Korman Communities, Inc. and | : | |
| Ave Malvern and Ave Living by Korman; | : | |
| KORMAN COMMUNITIES GP I, LLC, | : | |
| Individually and d/b/a Korman | : | |
| Communities, Inc. and Ave Malvern and | : | |
| Ave Living by Korman; | : | |
| JOHN DOE 1-100 and | : | |
| ABC CORPORATIONS 1-100 | : | NO.: |

## **NOTICE OF REMOVAL**

**TO:   CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendants KCI Malvern Ownerco, LP f/k/a PR KC Malvern Ownerco, LP, Individually and d/b/a Ave Malvern and Ave Living by Korman; KCI Malvern Ownerco, GP LLC, Individually and d/b/a Ave Malvern and Ave Living by Korman;  SHK Management, Inc., Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman; Korman Communities GP I, LLC, Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman (hereinafter referred to as "Removing Defendants"), by and through their attorneys, William J. Ferren & Associates, hereby file the within Notice of

Removal from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S. § 1441(b), Removal based on diversity of citizenship, and aver as follows:

1.      On or about September 29, 2022, Plaintiff Kristoffer Augustine filed a Complaint against Defendants, KCI Malvern Ownerco, LP f/k/a PR KC Malvern Ownerco, LP, Individually and d/b/a Ave Malvern and Ave Living by Korman; KCI Malvern Ownerco, GP LLC, Individually and d/b/a Ave Malvern and Ave Living by Korman;  SHK Management, Inc., Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman; Korman Communities GP I, LLC, Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman; John Doe 1-100 and ABC Corporations 1-100, in the Court of Common Pleas of Philadelphia County, <u>seeking damages in excess of $50,000.00</u>.  A true and correct copy of Plaintiff's Complaint filed in the Court of Common Pleas of Philadelphia County, September Term, 2022; No.:  02987 is attached hereto and marked as Exhibit "A".

2.      Removing Defendants were served with a copy of the Complaint on or about October 10, 2022.

3.      In his Complaint, Plaintiff alleges that he is a <u>resident of Hamilton, Ontario, Canada</u>.  <u>See</u> Exhibit "A".

4.      Plaintiff further alleges in his Complaint that the incident giving rise to this litigation involved an alleged slip and fall on black ice, which resulted in purported "series" injuries, wage loss, and medical expenses.  <u>See</u> Exhibit "A".

5.      Per Plaintiff's Complaint, the alleged incident occurred at 311 E. Lancaster Avenue in Malvern, Chester County, Pennsylvania.  <u>See</u> Exhibit "A" at ¶14.

6.    28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) [c]itizens of different States."

7.    28 U.S.C. § 1441(a), pertaining to removal of civil actions, provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.    28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

9.    28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a) . . ., all defendants who have been properly joined and served must join in or consent to the removal of the action."

10.    KCI Malvern Ownerco, LP; KCI Malvern Ownerco, GP LLC; SHK Management, Inc.; and Korman Communities GP I, LLC are business entities in Plymouth Meeting, Montgomery County, Pennsylvania.

11.    For the purposes of diversity and venue, Plaintiff is a citizen of Hamilton, Ontario, Canada, not residing within this Judicial District.

12.    There is complete diversity between Plaintiff and listed Defendants.

13.     Plaintiff's Complaint establishes, to a reasonable probability, that the amount-in-controversy is in excess of $75,000.00, and Plaintiff is seeking damages in relation to allegedly "severe" bodily injuries, in addition to lost wages and medical expenses.  See Exhibit "A" at ¶21.

14.     Upon information and belief, Plaintiff is alleging a fracture, with resulting surgeries, as a result of the fall, in addition to lost wages and medical expenses and is seeking damages in excess of $75,000.00.

15.     This case is appropriate for removal from state court to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a), as complete diversity of citizenship exists between Plaintiff and the Defendants, the amount-in-controversy exceeds $75,000.00, exclusive of interests and costs.

16.     The instant Notice of Removal complies with 28 U.S.C. § 1446(a) and (b), as it is being filed within thirty (30) days of the date of service of the pleading from which it has been ascertained; that the matter is removable by the Removing Defendants, and within one year of the commencement date of the action.  See Exhibit "A".

17.     Further, no other Defendant has been sued and/or served in connection with this action such that his/her/its consent is required for removal.

18.     Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Notice is given that this action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

WILLIAM J. FERREN & ASSOCIATES

BY: /s/ Stephen J. Gontkosky
STEPHEN J. GONTKOSKY

Attorney I.D. No.: 315776

P.O. Box 2903
Hartford, CT 06104-2903
(215) 274-1725
sgontkos@travelers.com

**Attorney for All Defendants**
KCI Malvern Ownerco, LP f/k/a
PR KC Malvern Ownerco, LP,
Individually and d/b/a Ave Malvern
and Ave Living by Korman;
KCI Malvern Ownerco, GP LLC,
Individually and d/b/a Ave Malvern
and Ave Living by Korman;
SHK Management, Inc., Individually
and d/b/a Korman Communities, Inc.
and Ave Malvern and Ave Living by Korman;
Korman Communities GP I, LLC, Individually
and d/b/a Korman Communities, Inc. and
Ave Malvern and Ave Living by Korman

DATED: October 26, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTOPHER AUGUSTINE | : | |
| v. | : | |
| KCI MALVERN OWNERCO, LP f/k/a | : | |
| PR KC Malvern Ownerco, LP, Individually | : | |
| and d/b/a Ave Malvern and Ave Living by | : | |
| Korman; | : | |
| KCI MALVERN OWNERCO, GP LLC, | : | |
| Individually and d/b/a Ave Malvern and | : | |
| Ave Living by Korman; | : | |
| SHK MANAGEMENT, INC., Individually | : | |
| and d/b/a Korman Communities, Inc. and | : | |
| Ave Malvern and Ave Living by Korman; | : | |
| KORMAN COMMUNITIES GP I, LLC, | : | |
| Individually and d/b/a Korman | : | |
| Communities, Inc. and Ave Malvern and | : | |
| Ave Living by Korman; | : | |
| JOHN DOE 1-100 and | : | |
| ABC CORPORATIONS 1-100 | : | NO.: |

## **CERTIFICATION**

I, STEPHEN J. GONTKOSKY, hereby certify that the facts set forth in the foregoing

Notice of Removal are true and correct to the best of my knowledge, information, and belief.

WILLIAM J. FERREN & ASSOCIATES

BY: /s/ Stephen J. Gontkosky

STEPHEN J. GONTKOSKY
**Attorney I.D. No.: 315776**
P.O. Box 2903
Hartford, CT 06104-2903
(215) 274-1725
sgontkos@travelers.com
**Attorney for All Defendants**
KCI Malvern Ownerco, LP f/k/a
PR KC Malvern Ownerco, LP,
Individually and d/b/a Ave Malvern
and Ave Living by Korman;
KCI Malvern Ownerco, GP LLC,
Individually and d/b/a Ave Malvern
and Ave Living by Korman;
SHK Management, Inc., Individually
and d/b/a Korman Communities, Inc.
and Ave Malvern and Ave Living by Korman;
Korman Communities GP I, LLC, Individually
and d/b/a Korman Communities, Inc. and
Ave Malvern and Ave Living by Korman

DATED: October 26, 2022

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **SEPTEMBER 2022** | **002987** |
| E-Filing Number: 2209058866 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KRISTOPHER AUGUSTINE | KCI MALVERN OWNERCO, LP, ALIAS: AVE LIVING BY KORMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 399 QUEEN VICTORIA DRIVE UNIT 17 HAMILTON ON L8W1P | 580 W. GERMANTOWN PIKE SUITE 200 PLYMOUTH MEETING PA 19462 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | KCI MALVERN OWNERCO GP, LLC, ALIAS: AVE LIVING BY KORMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 580 W. GERMANTOWN PIKE SUITE 200 PLYMOUTH MEETING PA 19462 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SHKMANAGEMENT, INC., ALIAS: AVE LIVING BY KORMAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 580 W. GERMANTOWN PIKE PLYMOUTH MEETING PA 19462 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

SEP 29 2022

**I. LOWELL**

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KRISTOPHER AUGUSTINE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOHN M. BORELLI | OSTROFF INJURY LAW<br>518 E. TOWNSHIP LINE ROAD<br>SUITE 100<br>BLUE BELL PA 19422 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610)279-7000 | (215)977-4101 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 94825 | jborelli@ostrofflaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOHN BORELLI | Thursday, September 29, 2022, 03:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. KCI MALVERN OWNERCO, LP
   ALIAS: AVE LIVING BY KORMAN
   580 W. GERMANTOWN PIKE SUITE 200
   PLYMOUTH MEETING PA 19462
2. KCI MALVERN OWNERCO GP, LLC
   ALIAS: AVE LIVING BY KORMAN
   580 W. GERMANTOWN PIKE SUITE 200
   PLYMOUTH MEETING PA 19462
3. SHKMANAGEMENT, INC.
   ALIAS: AVE LIVING BY KORMAN
   580 W. GERMANTOWN PIKE
   PLYMOUTH MEETING PA 19462
4. KORMAN COMMUNITIES GP I, LLC
   ALIAS: AVE LIVING BY KORMAN
   580 W. GERMANTOWN PIKE
   PLYMOUTH MEETING PA 19462

RECVD M.D.-MONT. O.PA
2022 OCT -6 A 8: 08

OSTROFF LAW, PC
By: John M. Borelli, Esquire
    Attorney ID No.: 94825
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610)279-7000

Filed and Attested by the
Office of Judicial Records
29 SEP 2022 03:54 pm
I. LOWELL

Attorney for Plaintiff

| | |
|---|---|
| KRISTOPHER AUGUSTINE and<br>399 Queen Victoria Drive, Unit 17<br>Hamilton, Ontario, L8W1P8<br>Canada,<br><br>                         Plaintiff<br><br>vs.<br><br>KCI MALVERN OWNERCO, LP, f/k/a<br>PR KC MALVERN OWNERCO, LP,<br>individually and d/b/a AVE MALVERN<br>and AVE LIVING BY KORMAN<br>580 W. Germantown Pike, Suite 200<br>Plymouth Meeting, PA 19462<br><br>               and<br><br>KCI MALVERN OWNERCO GP, LLC,<br>individually and d/b/a AVE MALVERN<br>and AVE LIVING BY KORMAN<br>580 W. Germantown Pike, Suite 200<br>Plymouth Meeting, PA 19462<br><br>               and<br><br>SHK MANAGEMENT, INC.,<br>individually and d/b/a<br>KORMAN COMMUNITIES, INC. and<br>AVE MALVERN and AVE LIVING BY KORMAN<br>580 W. Germantown Pike, Suite 200<br>Plymouth Meeting, PA 19462<br><br>               and<br><br>KORMAN COMMUNITIES GP I, LLC,<br>individually and d/b/a<br>KORMAN COMMUNITIES, INC. and<br>AVE MALVERN and AVE LIVING BY KORMAN<br>580 W. Germantown Pike, Suite 200<br>Plymouth Meeting, PA 19462<br><br>               and<br><br>JOHN DOE 1-100 | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br><br><br>CIVIL ACTION - LAW<br>No. |

Case ID: 220902987

| (Fictitious Names) | | : |
| | and | : |
| | | : |
| ABC CORPORATIONS 1-100 | | : |
| (Fictitious Entities), | | : |
| | Defendants. | : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 220902987

OSTROFF LAW, PC
By: John M. Borelli, Esquire
    Attorney ID No.: 94825
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422                      Attorney for Plaintiff
(610)279-7000

---

KRISTOPHER AUGUSTINE and       :    COURT OF COMMON PLEAS OF
399 Queen Victoria Drive, Unit 17    :    PHILADELPHIA COUNTY,
Hamilton, Ontario, L8W1P8        :    PENNSYLVANIA
Canada,                         :
                Plaintiff    :
    vs.                    :    CIVIL ACTION - LAW
                         :    No.
KCI MALVERN OWNERCO, LP, f/k/a  :
PR KC MALVERN OWNERCO, LP,    :
individually and d/b/a AVE MALVERN  :
and AVE LIVING BY KORMAN     :
580 W. Germantown Pike, Suite 200   :
Plymouth Meeting, PA 19462       :
                  and    :
                         :
KCI MALVERN OWNERCO GP, LLC,   :
individually and d/b/a AVE MALVERN  :
and AVE LIVING BY KORMAN     :
580 W. Germantown Pike, Suite 200   :
Plymouth Meeting, PA 19462       :
                  and    :
                         :
SHK MANAGEMENT, INC.,        :
individually and d/b/a          :
KORMAN COMMUNITIES, INC. and   :
AVE MALVERN and AVE LIVING BY KORMAN:
580 W. Germantown Pike, Suite 200   :
Plymouth Meeting, PA 19462       :
                  and    :
                       :
KORMAN COMMUNITIES GP I, LLC,   :
individually and d/b/a         :
KORMAN COMMUNITIES, INC. and   :
AVE MALVERN and AVE LIVING BY KORMAN:
580 W. Germantown Pike, Suite 200   :
Plymouth Meeting, PA 19462       :
                  and    :
                       :



Case ID: 220902987

JOHN DOE 1-100                   :
(Fictitious Names)              :
                 and       :
                   :
ABC CORPORATIONS 1-100    :
(Fictitious Entities),          :
             Defendants.  :

## Civil Action Complaint

1.     Plaintiff, Kristopher Augustine, (hereinafter referred to as "Plaintiff") is an adult individual who resides at the above referenced address.

2.     Defendant, KCI Malvern Ownerco, LP, f/k/a PR KC Malvern Ownerco, LP, individually and d/b/a AVE Malvern and AVE Living by Korman (hereinafter referred to as "Defendant Property Owner") is a Delaware limited partnership with a principal place of business and registered address located at the above referenced address located in Montgomery County, Pennsylvania.

3.     At all times relevant hereto, Defendant Property Owner conducted and continues to conduct a regular and substantial course of business in Philadelphia County, Pennsylvania.

4.     Defendant, KCI Malvern Ownerco GP, LLC, individually and d/b/a AVE Malvern and AVE Living by Korman (hereinafter referred to as "Defendant Property Owner GP," and collectively with Defendant Property Owner as "Property Owner Defendants") is a Delaware limited liability company with a principal place of business and registered address located at the above referenced address located in Montgomery County, Pennsylvania.

5.     At all times relevant hereto, Defendant Property Owner GP was and continues to be the general partner of Defendant Property Owner.

Case ID: 220902987

6.      At all times relevant hereto, Defendant Property Owner GP conducted and continues to conduct a regular and substantial course of business in Philadelphia County, Pennsylvania.

7.      Defendant, SHK Management, Inc., individually and d/b/a Korman Communities, Inc. and AVE Malvern and AVE Living by Korman (hereinafter referred to as "Defendant Property Manager 1") is a Pennsylvania corporation with a principal place of business located at the above referenced address located in Montgomery County, Pennsylvania.

8.      At all times relevant hereto, Defendant Property Manager 1 conducted and continues to conduct a regular and substantial course of business in Philadelphia County, Pennsylvania.

9.      Defendant, Korman Communities GP I, LLC, individually and d/b/a Korman Communities, Inc. and AVE Malvern and AVE Living by Korman (hereinafter referred to as "Defendant Property Manager 2," and collectively with Defendant Property Manager 1, as "Property Manager Defendants") is a Delaware limited liability company with a principal place of business located at the above referenced address located in Montgomery County, Pennsylvania.

10.     At all times relevant hereto, Defendant Property Manager 2 conducted and continues to conduct a regular and substantial course of business in Philadelphia County, Pennsylvania.

11.     Defendants, John Doe 1-100 (Fictitious Names) (hereinafter referred to as "Doe Defendants") are unknown individual defendants, who at all times relevant hereto, regularly conducted business in Philadelphia County, Pennsylvania.

12.     Defendants, ABC Corporations 1-100 (Fictitious Entities) (hereinafter referred to as "ABC Defendants," and collectively with Doe Defendants, as "Contractor Defendants," and

Case ID: 220902987

collectively with Doe Defendants, Property Owner Defendants and Property Manager Defendants, as "Defendants") are unknown business defendants, designated as corporations, partnerships, fictitious names, and/or business entities duly organized, existing, authorized, and/or incorporated under the laws of the Commonwealth of Pennsylvania.

13.     At all times relevant to this action, ABC Defendants conducted and continue to conduct a regular and substantial course of business in Philadelphia County, Pennsylvania.

14.     At all times relevant hereto, including on February 4, 2021, Property Owner Defendants was the property owners of record of a residential apartment complex known as AVE Malvern, located at 311 E. Lancaster Avenue, Malvern, Chester County, Pennsylvania.

15.     At all times relevant hereto, including on February 4, 2021, Property Manager Defendants were the property managers of the aforesaid residential apartment complex.

16.     At all times relevant hereto, Property Owner Defendants and/or Property Manager Defendants, individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of said relationship, owned, possessed, managed, constructed, maintained, designed and/or controlled the aforesaid residential apartment complex, including said apartment complex's sidewalks, walkways, pathways, roadways, parking lots, driveways, communal entrance ways/walkways, exits and/or grounds (hereinafter referred to as the "Premises").

17.     Upon information and belief, at all times relevant hereto, Property Owner Defendants and/or Property Manager Defendants, individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of said

Case ID: 220902987

relationship, hired and/or contracted with Contractor Defendants to manage and/or maintain the Premises and specifically to perform snow and ice removal and treatment upon the Premises including but not limited to the its sidewalks, walkways, pathways, parking lots, driveways, communal entrance ways/walkways, exits and/or grounds.

18.     Upon information and belief, at all times relevant hereto, Property Owner Defendants, Property Manager Defendants, and/or Contractor Defendants (hereinafter referred to collectively as "Defendants"), individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of said relationship, hired and/or contracted were responsible for and had a duty to manage and/or maintain the Premises and specifically to perform snow and ice removal and treatment upon the Premises including but not limited to the its sidewalks, walkways, pathways, parking lots, communal entrance ways/walkways, exits and/or grounds of the Premises.

19.     At all times relevant, including on February 4, 2021, Plaintiff was a tenant of the aforesaid apartment complex.

20.     On or about February 4, 2021, at approximately 8:00 am, Plaintiff was walking with all due care and caution, from his rental unit in the apartment complex to his motor vehicle which was parked in one of the apartment complex's parking lots intended for resident use.

21.     At the aforesaid time and location, as Plaintiff walked in the aforesaid parking lot, toward his parked motor vehicle, he suddenly slipped on a layer of black ice and fell forcefully to the ground, suffering severe, permanent and debilitating personal injuries.

Case ID: 220902987

22.     At all times relevant hereto, Plaintiff was a tenant of the apartment complex, and as such, was a business invitee on the Premises and was owed the highest duty of care by the Defendants.

23.     The section of the parking lot upon which Plaintiff slipped had a layer of artificially created black ice that was not visible, discernible, and/or avoidable as business invitees, such as Plaintiff, walked to and from their parked vehicles.

24.     The specific area of the parking lot on which Plaintiff slipped and fell was permitted to thaw and refreeze, thereby creating an artificially created slick, untreated and icy surface on the Premises at the time of Plaintiff's fall.

25.     At the time of Plaintiff's fall and for a long and excessive time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to allow a layer of black ice to form and remain on the ground in a common area meant for business invitee use.

26.     At the aforesaid time and place, the layer of black ice on the ground was an unreasonably hazardous condition of the Premises, directly caused by Defendants' individual, joint and/or several negligence and carelessness.

27.     The hazardous black ice condition in the aforesaid paved area constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff.

28.     Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, employees and/or subcontractors had actual and/or

constructive notice of the hazardous black ice condition for a sufficient period of time before Plaintiff's fall, to have taken measures to correct it and/or to properly warn business invitees such as Plaintiff of it.

29.    At all times material hereto, the Plaintiff exercised due care and caution for his safety and in no way contributed to his fall or his resulting injuries.

30.    Defendants' individual, joint and/or several negligence and carelessness, and the resulting hazardous condition of the Premises were the direct and proximate cause Plaintiff's fall and resulting injuries.

31.    As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous condition, and Plaintiff's subsequent fall, Plaintiff suffered and/or may continue to suffer physical injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

32.    As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

33.    As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of his injuries.

34.    As a direct and proximate result of Defendants' individual joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and his

injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, avocations and/or hobbies.

35.     As direct and proximate result of Defendants' individual joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of his earning capacity.

36.     As a direct and proximate result of Defendants' individual joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

### COUNT I - NEGLIGENCE
### KRISTOPHER AUGUSTINE
v.
### KCI MALVERN OWNERCO, LP, f/k/a PR KC MALVERN OWNERCO, LP,
### individually and d/b/a AVE MALVERN and AVE LIVING BY KORMAN
### and
### KCI MALVERN OWNERCO GP, LLC,
### individually and d/b/a AVE MALVERN and AVE LIVING BY KORMAN

37.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

38.     The individual, joint and/or several negligence and carelessness of the Property Owner Defendants, directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, included the following:

  a. creating a hazardous condition, about which it knew and/or should have known;

  b. permitting the hazardous condition to exist on the Premises for an excessive period of time;

  c. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

Case ID: 220902987

d. failing to warn Plaintiff of the hazardous condition;

e. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

f. creating and/or permitting a hazardous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

g. failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

h. failing to adequately illuminate an area intended for use by business invitees such as Plaintiff;

i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

j. violating Property Maintenance Code 302.4.1 Storm Drainage: prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

k. violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

l. violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

m. violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior walkways be maintained so as to provide safe walking conditions;

n. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

o. placing Defendant's pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally, and specifically against Property Owner Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem

appropriate.

**COUNT II - NEGLIGENCE**
**KRISTOPHER AUGUSTINE**
**v.**
**SHK MANAGEMENT, INC.,**
**individually and d/b/a KORMAN COMMUNITIES, INC.,**
**and AVE MALVERN and AVE LIVING BY KORMAN,**
**and**
**KORMAN COMMUNITIES GP I, LLC,**
**individually and d/b/a KORMAN COMMUNITIES, INC.,**
**and AVE MALVERN and AVE LIVING BY KORMAN**

39.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

40.    The individual, joint and/or several negligence and carelessness of the Property Manager Defendants, directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, included the following:

    a.    creating a hazardous condition, about which it knew and/or should have known;

    b.    permitting the hazardous condition to exist on the Premises for an excessive period of time;

    c.    failing to regularly and/or properly inspect the Premises for such hazardous conditions;

    d.    failing to warn Plaintiff of the hazardous condition;

    e.    failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

    f.    creating and/or permitting a hazardous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

    g.    failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

    h.    failing to adequately illuminate an area intended for use by business invitees such as Plaintiff;

Case ID: 220902987

i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

j. violating Property Maintenance Code 302.4.1 Storm Drainage: prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

k. violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

l. violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

m. violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior walkways be maintained so as to provide safe walking conditions;

n. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

a. placing Defendant's pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally, and specifically against Property Manager Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

### COUNT III - NEGLIGENCE
### KRISTOPHER AUGUSTINE
#### v.
### JOHN DOE 1-100 (Fictitious Names)
### and ABC CORPORATIONS 1-100 (Fictitious Entities)

41. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

Case ID: 220902987

42. The individual, joint and/or several negligence and carelessness of the Contractor Defendants, directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, included the following:

    a.  creating a hazardous condition, about which it knew and/or should have known;

    b.  permitting the hazardous condition to exist on the Premises for an excessive period of time;

    c.  failing to regularly and/or properly inspect the Premises for such hazardous conditions;

    d.  failing to warn Plaintiff of the hazardous condition;

    e.  failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

    f.  creating and/or permitting a hazardous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

    g.  failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

    h.  failing to adequately illuminate an area intended for use by business invitees such as Plaintiff;

    i.  permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

    j.  violating Property Maintenance Code 302.4.1 Storm Drainage: prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

    k.  violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

    l.  violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

    m.  violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior walkways be maintained so as to provide safe walking conditions;

n. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

a. placing Defendant's pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally, and specifically against Contractor Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

OSTROFF LAW, PC

Date: 9/29/2022                    By:_____
                                   John M. Borelli, Esquire
                                   Attorneys for Plaintiff

Case ID: 220902987

## Verification

    The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

    This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____

Kristopher Augustine, Plaintiff

Case ID: 220902987

## <u>CERTIFICATE OF SERVICE</u>

I, STEPHEN J. GONTKOSKY, hereby certify that the foregoing Notice of Removal on behalf of Defendants KCI Malvern Ownerco, LP f/k/a PR KC Malvern Ownerco, LP, Individually and d/b/a Ave Malvern and Ave Living by Korman; KCI Malvern Ownerco, GP LLC, Individually and d/b/a Ave Malvern and Ave Living by Korman; SHK Management, Inc., Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman; Korman Communities GP I, LLC, Individually and d/b/a Korman Communities, Inc. and Ave Malvern and Ave Living by Korman was filed electronically with the United States District Court for the E.D. of PA **and served** electronically upon the following counsel:

John M. Borelli, Esquire
Ostroff Law, PC
518 E. Township Line Road – Suite 100
Blue Bell, PA  19422

WILLIAM J. FERREN & ASSOCIATES
BY: /s/ Stephen J. Gontkosky
STEPHEN J. GONTKOSKY

DATED:  October 26, 2022